IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TYLER ROBBINS, )<br>)<br>Defendant. )<br>_____ ) | Crim. Action<br>No. 05-10017-01-WEB |

### **Memorandum and Order**

This matter came before the court on June 27, 2005, for a hearing on the defendant's motion to dismiss the indictment. The court orally denied the motion at the conclusion of the hearing. This written memorandum will supplement the court's oral ruling.

*Background*.

The one-count Indictment in this case charges that on or about March 1, 2003, through May 19, 2004, in the District of Kansas, the defendant Tyler Robbins willfully engaged in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) and 924(a)(1)(D).

Defendant moves to dismiss the indictment, arguing the Government will be unable to prove two essential elements of the offense: first, that he was a dealer "engaged in the business of firearms"; and second, that he "willfully" violated the law. Defendant points out that the statutory definition of "engaged in the business of firearms" requires the Government to prove beyond a reasonable doubt that he was "a person who devotes time, attention and labor to dealing in firearms as a regular course of trade or business

with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms," and that he was *not* "a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms." 18 U.S.C. § 921(a)(21)(C). Defendant argues the evidence will show he was merely a long-time collector of firearms who bought, sold, and traded guns as part of his collection. He says that he started his collection when he was 18 years old, and that later when his family was moving, he needed extra income so he placed advertisements in the Wichita Eagle and sold a portion of his collection. He contends he never ran a business for profit, nor did he ever have business cards, take orders for firearms, or represent that he was a dealer. He contends he did not rely on sales of firearms for his livelihood. He thus contends the Government will not be able to show he was a dealer engaged in the business of selling firearms. He also contends the Government will be unable to prove that he acted willfully, pointing out that he placed an advertisement in the newspaper, and arguing this shows he did not hide his activities and did not believe them to be unlawful. Defendant concedes that pre-trial dismissal of an Indictment for insufficiency of evidence is rare, but argues it would be appropriate here because he believes the underlying facts are essentially undisputed, and he says there should be no objection to consideration of the evidence by the court. *Citing United States v. Hall*, 20 F.3d 1084 (10th Cir. 1994).

In response, the Government argues that it would be inappropriate for the court to attempt to determine the sufficiency of the evidence before trial. It objects to a pre-trial determination of the evidence and argues the case should proceed to trial. It notes that the *Hall* case said when the Government objects to a pre-trial consideration of evidence, the court is limited to determining whether the Indictment is sufficient on its face to charge an offense. The Government points out that the Indictment clearly charges

2

all the elements of the offense.

*Discussion*.

In *United States v. Salman*, 378 F.3d 1266 (11th Cir. 2004), the Eleventh Circuit noted that the federal rules of criminal procedure do not provide for a pre-trial determination of the sufficiency of the evidence, and that where the indictment is sufficient to charge an offense the Government is ordinarily entitled to present its evidence at trial. The court said a motion for acquittal at trial under Rule 29 is the proper avenue for contesting the sufficiency of the evidence. Similarly, in *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994), the Tenth Circuit said it is generally inappropriate for a district court to order pretrial dismissal based on sufficiency of the evidence. It said the court may consider such a motion only where the operative facts are undisputed and the Government does not object to the district court's consideration of the undisputed facts in making the determination. Neither of these factors is satisfied here. Accordingly, the court reviews the Indictment at this point only to determine whether it is sufficient to charge an offense. The Indictment clearly tracks the statutory language, and it is sufficient to charge an offense. Accordingly, the defendant's motion to dismiss the Indictment will be denied.

*Conclusion*.

Defendant's Motion to Dismiss the Indictment (Doc. 12) is DENIED. IT IS SO ORDERED this  28th   Day of June, 2005, at Wichita, Ks.

                                               s/Wesley E. Brown
                                               Wesley E. Brown
                                               U.S. Senior District Judge